**Terrence BRANCH, Plaintiff,**

v.

**Richard L. MAYS, Jr., Defendant.**

Case No. 3:16–cv–249

United States District Court,
E.D. Tennessee,
at Knoxville.

Signed May 25, 2017

Ursula Bailey, Law Office of Ursula Bailey, Knoxville, TN, for Plaintiff.

Darryl G. Lowe, Gregory Brown, Lowe, Yeager and Brown, Knoxville, TN, for Defendant.

## ORDER

HARRY S. MATTICE, JR., UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Amended Motion to Dismiss. (Doc. 25). For the reasons stated herein, Plaintiff's Complaint will be **DISMISSED WITHOUT PREJUDICE** under the *forum non conveniens* doctrine. Accordingly, Defendant's Amended Motion to Dismiss will be **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff filed the instant Complaint for legal malpractice and breach of contract on May 17, 2016. (Doc. 1). On June 30, 2016, Defendant filed its original Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed for lack of jurisdiction, or in the alternative, for improper venue due to a forum-selection clause. (Doc. 9 at 3–10). The Parties' contract reads, in relevant part,

> Any dispute arising out of the terms of this agreement shall be resolved by final and binding arbitration. This agreement will be governed by and construed according the [sic] laws of the State of Arkansas without regard to conflict of law principles. The courts of the State of Arkansas shall be the exclusive venue and have exclusive jurisdiction of any disputes arising under this Agreement in Little Rock, Arkansas 72201.

(Doc. 8–1 at 5). On February 17, 2017, the Court denied Defendant's Motion with leave to refile, noting that Defendant's arguments regarding the forum-selection clause were improperly brought under Fed. R. Civ. P. 12(b)(2). (Doc. 24 at 1–2).

On March 27, 2017, Defendant filed its Amended Motion to Dismiss. (Doc. 25) Therein, he argues that pursuant to the Parties' forum-selection clause and 28 U.S.C. § 1404(a), the Court should transfer this case to the United States District Court for the Eastern District of Arkansas. In the alternative, Defendant argues that this case should be dismissed without prejudice to refiling in the agreed upon forum under Fed. R. Civ. P. 12(b)(6). Finally, Defendant reiterates his argument that even if the Court does not dismiss Plaintiff's Complaint on the basis of the forum-selection clause, the Court lacks personal jurisdiction over Defendant. (Doc. 25 at 1–2); (Doc. 26 at 6). Plaintiff has filed a response in which he argues in a conclusory fashion that the forum-selection clause is invalid. (Doc. 27 at 3–4). He does not address any factors relevant to the appropriate disposition of Defendant's Motion in the event that the Court finds that the forum-selection clause is valid.

## II. ANALYSIS

### A. Validity and Enforceability of the Forum–Selection Clause

■ The Court's first task is to determine whether the Parties' forum-selection clause is valid and enforceable. In diversity suits such as this, "the enforceability of the forum selection clause is governed by federal law." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). The Court must consider: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* The burden of showing that the forum-selection clause is unenforceable lies with the party opposing enforcement

thereof. *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 929 (6th Cir. 2014).

Plaintiff does not address any of these factors in his briefing. Instead, he claims that the forum-selection clause is "invalid" because the contract contains both an arbitration clause and a forum-selection clause. Specifically, Plaintiff argues that "[t]he 'arbitration clause' language and the 'forum-selection' clause language cancel each other out. If arbitration is 'final and binding', [sic] then no other court could have 'exclusive venue' and 'exclusive jurisdiction' over the same disputes." (Doc. 27 at 3); (*see also* Doc. 23 at 2) ("This statement suggests the possibility of filing a lawsuit with regards to addressing disputes. The two statements are in conflict. If arbitration is indeed 'final and binding', [sic] there would be no need for a forum selection clause with regards to disputes. The two are mutually exclusive, and the forum selection clause is invalid.").

Plaintiff has failed to cite any authority in support of this conclusory and misguided argument. Indeed, the weight of authority holds just the opposite—mandatory arbitration clauses and forum-selection clauses are *not* mutually exclusive, but rather are complementary. *See, e.g., Applied Energetics, Inc. v. NewOak Capital Mkts., LLC*, 645 F.3d 522, 525 (2d Cir. 2011) ("[T]he forum selection clause would operate to provide New York courts with . . . jurisdiction over ancillary proceedings—such as to enforce an arbitral award or to challenge the validity of the arbitration agreement—but the merits of any dispute would be resolved in the first instance by arbitration."); *Personal Sec. & Safety Sys., Inc. v. Motorola, Inc.*, 297 F.3d 388, 396 (5th Cir. 2002) ("Instead, we interpret the forum selection clause to mean that the parties must litigate in Texas courts only those disputes that are not subject to arbitration—for example, a suit to challenge the validity or application of the arbitration clause or an action to enforce an arbitration award."); *Spartech CMD, LLC v. Int'l Auto. Components Grp. of N. Am., Inc.*, 2009 WL 440905 at *7 (E.D. Mich. Feb. 23, 2009) ("The Sixth Circuit has yet to address the relationship between forum-selection and arbitration clauses. However, several other circuits hold that choice-of-forum clauses are not inconsistent with, but rather complementary to arbitration provisions."); *CampionsWorld, LLC v. U.S. Soccer Fed'n, Inc.*, 487 F.Supp.2d 980, 988 (N.D. Ill. 2007) ("Courts have held that forum selection clauses are not inherently inconsistent with arbitration agreements, since arbitration awards are not self-enforcing, and the parties may have merely intended to prescribe the method of judicial enforcement of arbitration."). Accordingly, Plaintiff's claim that the forum-selection clause is canceled out by the arbitration clause is plainly without merit.

Having disposed of Plaintiff's only argument against enforcing the forum-selection clause, it is clear that Plaintiff has failed to carry his burden to show that it should not be enforced. For sake of completeness, the Court will briefly address the above-described enforcement factors. First, there is no evidence in the record that fraud, duress, or other unconscionable means played a role in the forum-selection clause's appearance in the Parties' contract. Second, it cannot be reasonably argued that the courts of the state of Arkansas would ineffectively or unfairly handle this lawsuit. This is especially true given that the Parties have agreed that Arkansas law will govern any disputes arising under their contract. (Doc. 8–1 at 5). Finally, aside from noting that his attorney is not licensed to practice in Arkansas, Plaintiff has failed to offer any reason why litigating this matter in Arkansas would be so seriously inconvenient as to render enforcement of the forum-selection clause un-

reasonable.[1] Having satisfied none of the factors relevant to showing that the forum-selection clause should not be enforced, Plaintiff has failed to carry his burden. Accordingly, the Parties' forum-selection clause is both valid and enforceable.

## B. The Contractually Agreed Upon Forum

■ Defendant, through a variety of mechanisms, petitions this Court to transfer this case to the United States District Court for the Eastern District of Arkansas at Little Rock. As indicated in the Court's previous Order, a forum-selection clause cannot be enforced through a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) or for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). (Doc. 24 at 1–2). Addressing this exact issue, the Supreme Court of the United States recently held that where the parties have designated a federal forum in a forum-selection clause, the agreement should be enforced via a motion to transfer under 28 U.S.C. § 1404(a). *Atl. Marine Const. Co., Inc. v. United States Dist. Court for the W. Dist. of Texas,* — U.S. —, 134 S.Ct. 568, 575, 187 L.Ed.2d 487 (2013). Where the parties designate a state or foreign forum, however, courts cannot use § 1404(a) to initiate the necessary transfer. *See, e.g., Langley v. Prudential Mortg. Capital Co., LLC,* 546 F.3d 365, 371 n.2 (6th Cir. 2008) (Moore, J., concurring). "Instead, the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens.*" *Atl. Marine,* 134 S.Ct. at 580.

■ Because contract interpretation is a question of law, the Court must decide which forum the Parties have designated. *See, e.g., Royal Ins. Co. of Am. v. Orient Overseas Container Line Ltd.,* 525 F.3d 409, 421 (6th Cir. 2008). While Defendant argues that the forum-selection clause designates a federal forum, Plaintiff makes no such concession and merely asks that "this matter be transferred to the jurisdiction that this Court finds proper." (Doc. 27 at 4). The Parties' forum-selection clause provides that "[t]he courts of the State of Arkansas shall be the exclusive venue and have exclusive jurisdiction of any disputes arising under this Agreement in Little Rock, Arkansas 72201." (Doc. 8–1 at 5). Courts in this Circuit and beyond have consistently held that where a contract designates that the courts "of" a state shall be the exclusive jurisdiction and venue, then, as a matter of law, disputes are to be litigated in state, not federal court. For example, in *Ingenium Technologies Corp. v. Beaver Aerospace & Defense, Inc.,* the United States District Court for the Eastern District of Michigan surveyed the state of the law in August of 2015. Ultimately, it found that

> [e]very federal court of appeals that has considered the question posed by the defendant's motion has concluded that when a forum selection clause refers to the courts 'of' a state, then venue will be proper only in state court, and the filing of an action in or removal to a federal court—even one located within the same state—would be improper.

122 F.Supp.3d 683, 687 (E.D. Mich. 2015); *see also id.* at 688 (collecting cases). This is so because the word "of" in the phrase "the courts of the State of Arkansas" denotes that the designated courts derive their authority from the State of Arkansas. *See FIMCO Servs., LLC v. FirstMerit Bank, N.A.,* 2010 WL 5184885 at *4 (E.D.

---

1. Requiring Plaintiff to hire a different attorney does not render litigating in Arkansas "so seriously inconvenient such that requiring [him] to bring suit there would be unjust."

*Wong,* 589 F.3d at 828. The Court trusts that the Arkansas bar is replete with capable counsel willing to take Plaintiff's case.

Tenn. Dec. 15, 2010) ("[T]he clause's use of the preposition 'of'—rather than 'in'—is determinative. Black's Law Dictionary defines 'of' as a term 'denoting that from which anything proceeds; indicating origin, source, descent, and the like ....' Thus, courts 'of' Virginia refers to courts proceeding from, with their origin in, Virginia, i.e., the state courts of Virginia. Federal district courts, in contrast, proceed from, and find their origin in, the federal government.") (quoting *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1082 (9th Cir. 2009)).

The Court is mindful that the forum-selection clause at issue uses both the preposition "of" and "in." (Doc. 8–1 at 5). In order to designate the federal courts in Little Rock, Arkansas as a possible venue, however, the forum-selection clause would need to read: "The courts *in* the State of Arkansas." As written, the forum-selection clause does not use "in" until it designates the appropriate city. In short, by designating "the courts **of** the State of Arkansas," the Parties selected state courts, to the exclusion of federal courts, as the proper forum in which to litigate disputes arising under their contract. By qualifying that the court must be **"in** Little Rock, Arkansas 72201," the Parties designated their geographic preference for the proper venue. *See, e.g., FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (adopting "the

widely-accepted rule that forum selection clauses that use the term "in [a state]' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of [a state]' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state."). Reading these two clauses together so that no term is rendered inoperative, the Court finds that the forum-selection clause designates state courts in Little Rock, Arkansas as the exclusive venue for this action. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) ("[A] document should be read to give effect to all its provisions and to render them consistent with each other.").

## C. Forum Non Conveniens *Analysis*

■ Because the Parties have chosen a state forum in their forum-selection clause, the Court cannot grant Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a). *See supra* Part II.B. Accordingly, the Parties' forum-selection clause is most properly enforced via the *forum non conveniens* doctrine. *Atl. Marine*, 134 S.Ct. at 580. The Court notes, however, that Defendant has not technically moved to dismiss on the grounds of *forum non conveniens*, but rather has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2]

**2.** The Supreme Court in *Atlantic Marine* expressly declined to comment on the propriety of enforcing a forum-selection clause through a motion to dismiss under Fed. R. Civ. P. 12(b)(6). 134 S.Ct. at 580. Instead, it held that "[e]ven if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that § 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause and that § 1404(a) and the *forum non conveniens* doctrine provide appropriate mechanisms." *Id.* The United States Court of Appeals for the Sixth Circuit appears to have decided that Rule 12(b)(6) remains a viable

method of enforcement of a forum-selection clause post-*Atlantic Marine. See Smith*, 769 F.3d at 933–34 (noting that the *Atlantic Marine* Court declined to apply its holding to Rule 12(b)(6) dismissals and holding that the district court did not abuse its discretion in enforcing a forum-selection clause by granting a Rule 12(b)(6) motion to dismiss rather than transferring the case pursuant to 28 U.S.C. § 1404(a)). Nevertheless, the Court will enforce the Parties' forum-selection clause pursuant to the *forum non conveniens* doctrine, as the Supreme Court has expressly condoned this enforcement mechanism.

(Doc. 26 at 6). The Court, however, has the inherent authority to engage in a *forum non conveniens* analysis *sua sponte*. *See Wong*, 589 F.3d at 830. "So long as the district court has 'facts relevant to the issue of forum non conveniens,' it can raise the doctrine on its own accord." *Id.* (quoting *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 365 (6th Cir. 2008)).

 Before proceeding to the *forum non conveniens* analysis, it must be explained why the Parties have had a full opportunity to brief the issues relevant to the Court's *forum non conveniens* analysis. In *Atlantic Marine*, the Supreme Court noted that 28 U.S.C. § 1404(a) is "merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." 134 S.Ct. at 580. Accordingly, at least in the context of enforcement of forum-selection clauses, there is no material difference between the analysis of a motion to transfer under 28 U.S.C. § 1404(a) and a motion to dismiss under the *forum non conveniens* doctrine. *Id.* ("And because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a non-federal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."). Because Defendant's Amended Motion to Dismiss expressly invokes 28 U.S.C. § 1404(a), the Court has before it all necessary information to engage *sua sponte* in a *forum non conveniens* analysis.[3]

 Ordinarily, courts must weigh several factors in deciding whether to dismiss a case under the *forum non conveniens* doctrine. "In weighing these factors, the district court must first establish an adequate alternative forum. Then, the court must weigh the relevant public and private factors. The court should also give deference to the plaintiff's choice of home forum." *Wong*, 589 F.3d at 830. Where a forum-selection clause is present, however, courts must change the *forum non conveniens* calculus in three important ways. First, "the plaintiff's choice of forum merits no weight." *Atl. Marine*, 134 S.Ct. at 581. Second, courts "should not consider arguments about the parties' private interests," and "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582. Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a [dismissal under the *forum non conveniens* doctrine] will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* The party seeking to disavow the forum-selection clause bears a heavy burden. Because "courts should not unnecessarily disrupt the parties' [contractual agreement] ... [i]n all but the most unusual cases ... 'the interest of justice' is served by holding the parties to their bargain." *Id.* at 583.

It is uncontested that the state courts of Arkansas in Little Rock are an adequate alternative forum. Defendant, as a domiciliary of Arkansas, is certainly amenable to

---

**3.** As noted *supra* Part II.A, Plaintiff has failed to respond substantively to Defendant's Motion, opting instead to challenge the validity of the forum-selection clause. The Court will not permit Plaintiff's nonresponsive briefing to subvert its inherent authority to dismiss this case pursuant to the doctrine of *forum non conveniens*. Furthermore, additional briefing regarding the impact on Plaintiff of litigating in Arkansas is unnecessary, as the Court need only address the public interest factors relevant to forum selection. *Atl. Marine*, 134 S.Ct. at 582 ("A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.").

process in such a court. *Wong*, 589 F.3d at 830 ("Under the first part of the analysis, an adequate alternative forum must be identified. This requirement will be satisfied if the defendant is amenable to process in the foreign jurisdiction.") (internal quotation marks and citations omitted); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."). Moreover, as the *Atlantic Marine* Court instructs, the Court will give no deference to Plaintiff's selected forum. Similarly, the Court will not consider the Parties' private interests because "[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." *Atl. Marine*, 134 S.Ct. at 582 (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17–18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)) (alterations in original).

This leaves the Court to consider only the public interest factors impacted by the Parties' forum-selection clause. *Id.* at 582. ("As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.") (citations omitted). These factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 134 S.Ct. at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Also relevant are "avoidance of conflict-of-law problems or application of foreign law, and unfairness in burdening local citizens with jury duty." *Wong*, 589 F.3d at 832.

The Court has reviewed the above-cited factors, and finds that none of them alone or in combination make this an "exceptional" case in which the Court should refuse to enforce the Parties' forum-selection clause. First, with regards to court congestion, there is no indication that the state courts in Little Rock, Arkansas are any more overburdened than this Court. Second, this action is just as much a "localized controversy" in Little Rock, Arkansas as it is in Knoxville, Tennessee. While Plaintiff resides in the Knoxville area, Defendant resides in and works in Little Rock.[4] None of the actions or inactions leading to the alleged breach of contract occurred in Tennessee, and the contract that was allegedly breached concerned escrow services related to a land development project in Petion-Ville, Haiti. (Doc. 1 at 2). The only "local interest" Tennessee could possibly have in this action is ensuring that one of its residents is not adversely affected by Defendant's alleged breach of contract. But Arkansas has just as strong an interest in ensuring that its attorneys do not breach contracts or commit legal malpractice. Third, the Parties' contract expressly states that the laws of the State of Arkansas apply "without regard to conflict of law principles." (Doc. 8–1 at 5). Accordingly, the Arkansas state courts, and not this Court, are "at home with the law." Relatedly, litigating this case in Arkansas would not require Arkansas state courts to apply foreign law. Finally, it is in no way an unfair burden on the citizens of Little Rock, Arkansas to serve on a jury in this case. Defendant is a domiciliary of Arkansas and is thus subject to general jurisdic-

---

4. Defendant's place of business is relevant because this action arises out of his alleged malpractice as an attorney at Mays, Byrd & Associates, P.A. in Little Rock, Arkansas.

tion in Arkansas courts, and, as stated above, the State of Arkansas has an interest in ensuring that its attorneys do not breach contracts or commit legal malpractice.

Because none of the public interest factors weigh in favor of disrupting the Parties' "settled expectations" to litigate in Little Rock, Arkansas, the Court finds that the Parties' forum-selection clause should be enforced. *See Atl. Marine*, 134 S.Ct. at 583. Accordingly, Plaintiff's Complaint will be **DISMISSED WITHOUT PREJUDICE** under the *forum non conveniens* doctrine.[5]

## III. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is hereby **DISMISSED WITH-OUT PREJUDICE** under the *forum non conveniens* doctrine. Accordingly, Defendant's Amended Motion to Dismiss, (Doc. 25), is hereby **DENIED AS MOOT**.

A separate judgment will enter.

**SO ORDERED** this 25th day of May, 2017.

5. Defendant also presents a strong case that this Court lacks personal jurisdiction to hear the claims against him in this matter. It appears that the only contact he has with the State of Tennessee is the fact that he entered into a contract with a Tennessee resident. No services were performed in Tennessee and Defendant never personally visited Tennessee in connection to the Parties' contract. In such a situation, binding authority appears to counsel dismissal under Fed. R. Civ. P. 12(b)(2). *Walden v. Fiore*, — U.S. —, 134 S.Ct. 1115, 1122, 188 L.Ed.2d 12 (2014) ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there ... [T]he plaintiff cannot be the only link between the defendant and the forum."); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.") (emphasis in original); *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012) ("The mere fact that the defendant in Indiana utilized the mail to send documents to Michigan did not constitute purposeful availment, and the contract between the parties did not qualify as an ongoing business relationship ... Even though this communication was intentionally directed to Michigan, it fails to demonstrate that Winterthur purposefully availed itself to Michigan law."); *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000) ("We think the district court correctly recognized that the mere existence of a contract between Rowlette and an Ohio citizen for seventeen months is insufficient to confer personal jurisdiction over Rowlette."). Plaintiff's argument that the foreseeable effects in Tennessee of Defendant's alleged breach of contract confers personal jurisdiction in this case is also foreclosed by binding precedent. *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 900 (6th Cir. 2017) ("We have had only one occasion to consider *Walden*'s impact ... We refused to find purposeful availment on the sole basis that the Brazilian insurer knew its refusal to indemnify would have effects in Ohio because doing so would have allowed the plaintiffs to create jurisdiction on the basis of *their* contacts, not the defendant's.") (citing *Maxitrate Tratamento Termico E Controles v. Super Sys., Inc.*, 617 Fed.Appx. 406, 407 (6th Cir. 2015)) (emphasis in original). Because the Court will dismiss Plaintiff's Complaint pursuant to the *forum non conveniens* doctrine, however, it will not engage in a full merits analysis of Defendant's arguments under Fed. R. Civ. P. 12(b)(2).