07-5300-cv
Yakin v. Tyler Hill Corp, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: February 6, 2009                                    Decided: May 12, 2009)

Docket No. 07-5300-cv

_____

SARA YAKIN,

*Plaintiff-Appellee,*

v.

TYLER HILL CORPORATION,

*Defendant-Appellant,*

TYLER HILL CAMP, INC., TIMBER LAKE CORPORATION, TIMBER LAKE CAMP WEST
CORPORATION, TIMBER LAKE CENTERS, INC., TLC KIDS GROUP, INC. AND TIMBERLAKE
MANAGEMENT CORP.,

*Defendants.*

_____

Before: SACK, B.D. PARKER, *Circuit Judges*, and STANCEU*, Judge*, Court of International Trade.*

Defendant-Appellant appeals from a decision of the United States District Court for the
Eastern District of New York (Feuerstein, *J.*) remanding the action to the Supreme Court of the
State of New York, County of Nassau, because of a forum selection clause. AFFIRMED.

---

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade,
sitting by designation.

1

DANIEL A. KALISH, White Plains, NY, *for Plaintiff-Appellee Sara Yakin.*

RODNEY E. GOULD, Rubin, Hay & Gould, P.C., Framingham, MA, *for Defendant-Appellant Tyler Hill Corporation.*

_____

BARRINGTON D. PARKER*, Circuit Judge*:

Defendant-Appellant Tyler Hill Corporation appeals from a decision of the United States District Court for the Eastern District of New York (Feuerstein, *J*) enforcing a forum selection clause and remanding the case to the Supreme Court of the State of New York, County of Nassau. We affirm the district court's decision, although for somewhat different reasons from those expressed by the district court.

The facts are uncontested. Plaintiff-Appellee Sara Yakin attended summer camp during the summers of 1996 through 1999 at the Tyler Hill Camp in Tyler Hill, Pennsylvania operated by Tyler Hill Corporation. In order to enroll for camp each summer, Yakin completed an application form containing various terms. Those applicable to Yakin's enrollment for the summer of 1999 included a clause that provided:

> It is agreed that the venue and place of trial of any dispute that may arise out of this Agreement or otherwise, to which Tyler Hill Camp, or its agents, is a party shall be in Nassau County, New York.

At the time Yakin submitted the application, there was a federal courthouse for the Eastern District of New York located in Uniondale, Nassau County.

On July 2, 1999, Yakin alleges she was injured while at Tyler Hill Camp after hitting a dock while waterskiing. According to her complaint, Yakin suffered "severe and permanent personal injuries" as a result of the accident. In May 2007, Yakin sued Tyler Hill in Nassau County Supreme Court, alleging that her injuries resulted from the "carelessness and negligence" of Tyler Hill, its employees and others. By that time, the federal courthouse in Uniondale had closed and the court was re-located out of Nassau County to Central Islip in Suffolk County. The main courthouse for the Eastern District of New York remained in Brooklyn, New York. Nonetheless, Tyler Hill removed the action to the United States District Court for the Eastern District of New York on the basis of diversity jurisdiction. If successfully removed, the case would have been litigated in federal court in Suffolk County.

Yakin moved to remand the action to Nassau County State Supreme Court on the ground that the forum selection clause mandated venue and trial in Nassau County. In November 2007, after first rejecting Yakin's petition for reasons unrelated to this appeal, the district court granted Yakin's request. *Yakin v. Tyler Hill Camp, Inc.*, 2007 U.S. Dist. LEXIS 82848, at *1 (E.D.N.Y. Nov. 6, 2007). Concluding that on a motion to remand, the removing defendant bears the burden of demonstrating the propriety of removal, the district court found that Tyler Hill had not met this burden because the language of the forum selection clause was ambiguous as to whether it required an action to be brought in federal or state court, and, consequently, should be interpreted against the party that drafted it. *Id.* at 3-5. Construing the clause in favor of the non-drafter Yakin, the district court remanded the action and this appeal followed.

3

**DISCUSSION**

On appeal, Tyler Hill argues that the district court erred for two reasons. First, Tyler Hill contends that the forum selection clause is not ambiguous. According to Tyler Hill's interpretation, the clause merely designated Nassau County, New York as a geographic location for litigation and, therefore, did not exclude venue in a federal district court with jurisdiction over Nassau County. Tyler Hill argues, consequently, that the reference in the clause to venue in Nassau County does not exclude trial in the Eastern District of New York, which includes Nassau County, especially since at the time Yakin submitted the enrollment application, there was a federal courthouse in Nassau County. Second, arguing in the alternative, Tyler Hill contends that even if the forum selection clause could be held to be ambiguous, the clause would not bar Tyler Hill from a federal forum because an ambiguous clause is not a clear and unequivocal waiver of federal jurisdiction that is binding on the parties.

We review *de novo* a district court's legal conclusion regarding remand. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006). Generally, a decision to remand an action to a state court from which it was removed is not reviewable. *See* 28 U.S.C. § 1447(d). However, we permit review where the remand results from an interpretation of a forum selection clause because the rationale behind Section 1447(d)'s nonreviewability rule–the prevention of delay–"is not applicable when a district court with subject-matter jurisdiction remands a case on the basis of its interpretation of a forum-selection clause." *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 658 (2d Cir. 1988). Here, we are reviewing a legal conclusion since the meaning of a forum selection clause is a matter of contract interpretation, *see id.*, and "[t]he initial interpretation of a contract is a matter of law for the court to decide,"

4

*Parks Real Estate Purchasing Group v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (internal quotation marks omitted).

We first consider whether the forum selection clause is ambiguous, a threshold question of law. An ambiguity exists where a contract term "could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000) (internal quotation marks omitted). A forum selection clause is to be interpreted in accordance with accepted principles of contract construction. *See Karl Koch Erecting Co.,* 838 F.2d at 658 (explaining that a district court's decision to remand a case on the basis of its interpretation of a forum-selection clause is a "determination of the validity and meaning of a contract"). Parties are free to bind themselves to forum selection clauses that trump what would otherwise be a right to remove cases to federal courts. *See id.* at 659-60; *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007) ("[C]ontracting parties may . . . agree in advance on a forum where any and all of their disputes must be brought . . . .").

We perceive no ambiguity in the forum selection clause. A reasonable person reviewing the statement "It is agreed that the venue and place of trial of any dispute that may arise out of this Agreement . . . shall be in Nassau County, New York," would necessarily conclude that the parties intended that litigation take place in an appropriate venue in Nassau County and that this commitment was not conditioned on the existence of a federal courthouse in that county.

5

Tyler Hill contends that nothing in the wording of the clause requires that a dispute be litigated in Nassau County Supreme Court and, as a result, the clause does not on its face exclude federal jurisdiction. This may be true,[1] but it misses the point. According to the Supreme Court, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause may bind parties to either a specific jurisdiction or, as here, a specific venue. *See Phillips*, 494 F.3d at 386 ("A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language."). To the extent that a forum selection clause binds diverse parties by its express terms to a specific jurisdiction that is not federal, it waives a statutory right to remove. *See* 28 U.S.C. § 1441(b). However, where, as here, the clause merely contains obligatory venue language, it conveys nothing about the parties' intent as to jurisdiction. As the Supreme Court has stated, we are obliged to give effect to the parties' intentions regarding venue "by specifically enforcing the forum clause" absent a strong showing that it should be set aside. *M/S Bremen*, 407 U.S. at 12.

Given that the forum selection clause contains only obligatory venue language, we will effectuate the parties' commitment to trial in Nassau County. Had there been a federal court in Nassau County at the time of this litigation, remand would be improper. But there was none. In addition, contrary to Tyler Hill's contention, no reasonable reading of the clause permits the

---

[1] We express no view as to whether a forum selection clause must stipulate a specific non-federal jurisdiction in order to require remand for jurisdictional purposes, as opposed to venue purposes.

6

interpretation that the parties had agreed to trial in Suffolk County or Brooklyn because those courthouses were within the Eastern District of New York, which spans an area including Nassau County.  Had the parties intended to provide for that result, they could, of course, have drafted a different forum selection clause that communicated that intent.  We are free only to interpret and enforce the clause as written.

## CONCLUSION

The decision of the district court is AFFIRMED.