09-5235-cv
Dinallo v. Dunav Insurance Company

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand ten.

Present:   JON O. NEWMAN,
           GUIDO CALABRESI,
           ROBERT A. KATZMANN,
                          *Circuit Judges*.

_____

ERIC R. DINALLO, Superintendent of Insurance
of the State of New York, in his capacity as
Liquidator of Midland Insurance Company,

                   *Plaintiff-Appellee*,

                   - v. -                                   No. 09-5235-cv

DUNAV INSURANCE COMPANY,

                   *Defendant-Appellant.*

_____

For Plaintiff-Appellee:          David B. Hamm (Judy H. Kim, New York Liquidation
                                 Bureau, *on the brief*), Herzfeld & Rubin, PC, New
                                 York, New York

For Defendant-Appellant:         Katherine B. Posner, Condon & Forsyth LLP, New
                                 York, New York

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Dunav Insurance Company ("Dunav"[1] or "defendant") appeals from a decision and order of the United States District Court for the Southern District of New York (Cote, *J.*), entered November 19, 2009, granting plaintiff-appellee Eric R. Dinallo's ("Dinallo") motion to remand the action to state court following Dunav's removal on the basis of diversity jurisdiction. The district court granted the remand based on its interpretation of a service of suit provision in the reinsurance agreements between Dunav and Midland Insurance Company, for which Dinallo serves as Liquidator, as waiving defendant's right of removal. On appeal, Dunav argues that the service of suit provision is ambiguous and should be interpreted to require only its submission to personal jurisdiction, but not its waiver of removal. We assume the parties' familiarity with the remaining facts and procedural history of this case.

As a threshold matter, this Court has appellate jurisdiction because the district court, by remanding the action to state court, has conclusively determined the issue of where the litigation should take place by interpreting a forum selection clause. *See Karl Koch Erecting Co. v. N.Y. Convention Ctr. Dev. Corp.*, 838 F.2d 656, 658–59 (2d Cir. 1988); *see also Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 75 (2d Cir. 2009). We review *de novo* the district court's "legal conclusion regarding remand," *Yakin*, 566 F.3d at 75, and, substantially for the same reasons articulated by

_____

[1] Defendant asserts that its correct name is Dunav Re a.d.o. and that it was improperly served as Dunav Insurance Company.

2

the district court in its well-reasoned opinion, conclude that the service of suit provision unambiguously waives Dunav's right of removal. As the district court ruled, case law in this Circuit and in our sister Circuits amply supports this interpretation of the provision. *See, e.g.,* *Travelers Ins. Co. v. Keeling*, 996 F.2d 1485, 1489-90 (2d Cir. 1993); *Gen. Phoenix Corp. v. Malyon*, 88 F. Supp. 502, 503 (S.D.N.Y. 1949); *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1047 (11th Cir. 2001); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216-17 (3d Cir. 1991); *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15 (5th Cir. 1991); *see also* *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1204-05 (5th Cir. 1991) ("When a policy's service-of-suit clause applies, its probable effect is to waive the insurer's removal rights."). Having found the service of suit provision to waive Dunav's right of removal, we decline to reach Dinallo's alternative grounds for affirmance.

We have considered defendant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3