### The INSURANCE COMPANY OF the State of PENNSYLVANIA, Plaintiff,

v.

### TIG INSURANCE COMPANY (as successor by merger to International Surplus Lines Insurance Company), Defendant.

#### No. 12 CV 6651(VM).

United States District Court, S.D. New York.

March 11, 2013.

Andrew Stewart Amer, Simpson Thacher & Bartlett LLP, New York, NY, for Plaintiff.

David Ian Satine, Jeffrey S. Leonard, Joseph J. Schiavone, Budd Larner, P.C., Short Hills, NJ, James I. Rubin, Julie Rodriquez Aldort, Rachel D. Sher, Butler Rubin Saltarelli & Boyd LLP, Chicago, IL, for Defendant.

#### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Insurance Company of the State of Pennsylvania ("ICSOP") originally filed this action in New York State Supreme Court, New York County (the "State Court"), seeking a disputed payment from defendant TIG Insurance Company ("TIG") and other declaratory relief for breach of contract. TIG removed the action to this Court pursuant to 28 U.S.C. § 1441(a) based on the existence of diversity jurisdiction. In response, ICSOP filed the instant motion to remand the case to

the State Court. Upon consideration of the submissions and the applicable legal authorities, and for the reasons stated below, the Court grants ICSOP's motion and remands this case to the State Court.

## I. BACKGROUND

ICSOP alleges that TIG has failed to honor its contractual obligations under reinsurance contracts issued by TIG to ICSOP to reinsure a portion of excess insurance policies issued by ICSOP to underlying insureds. For the purposes of this motion, the Court assumes that the allegations of the complaint are true.

## II. DISCUSSION

### A. LEGAL STANDARD

On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." See California Pub. Empls.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir.2004). " '[S]tatutory procedures for removal are to be strictly construed,' " In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir.2007) (quoting Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002)), and "out of respect for the limited jurisdiction of the federal courts and the rights of the states," a court "must resolve any doubts against removability." Id.

Under controlling precedent in this Circuit, a valid service of suit clause operates as a waiver of the defendant's right to remove a state court action to federal court. See Dinallo v. Dunav Ins. Co., 672 F.Supp.2d 368, 370 (S.D.N.Y.2009), aff'd, 402 Fed.Appx. 595, 596 (2d Cir.2010). "Parties are free to bind themselves to forum selection clauses that trump what would otherwise be a right to remove cases to federal courts." Id. (quoting Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009)). The service of suit clause is "a standard provision" that has been "used in insurance and reinsurance contracts for decades." Allendale Mut. Ins. Co. v. Excess Ins. Co., Ltd., 970 F.Supp. 265, 273 (S.D.N.Y.1997).

### B. APPLICATION

ICSOP has brought four claims against TIG based on the alleged breach of six different facultative certificates, at least three of which do not contain a service of suit clause. ICSOP argues that the existence of a service of suit clause in certain of the reinsurance certificates acts as a waiver to the right of removal for all of the agreements. ICSOP contends that the clause contains no exceptions for cases that also encompass disputes under other reinsurance contracts between the parties without a service of suit clause. Conversely, TIG contends that the service of suit clause at issue should be limited to the contracts in which they appear, and furthermore that the present dispute is broader than what is captured by the certificates containing a valid service of suit clause.

In resolving the parties' arguments, the Court is persuaded by the Eleventh Circuit's reasoning in Russell Corp. v. American Home Assur. Co., 264 F.3d 1040 (11th Cir.2001), which the Second Circuit cited favorably in Dinallo, see 402 Fed.Appx. at 596. Russell concerned an insured which brought a state court action against 23 insurers seeking coverage determinations on 79 policies; one of three policies issued by a single defendant contained an operable service of suit clause. Affirming the district court's remand order, the Eleventh Circuit held that the defendant had granted the plaintiff the power to select the court in which disputes concerning the policy in question would be adjudicated, and the clause at issue contained no exception for cases also involving defendant's other policies.

Here, TIG is unable to point to any contrary service of suit cases from any jurisdiction in support of its position that the valid service of suit clauses at issue should not control a resolution of the instant remand motion. Instead, TIG attempts to distinguish *Russell* by pointing to the rationale in several forum selection clause cases from other Circuits. TIG's reliance on these cases is unavailing. Many of the forum selection cases cited by TIG implicate questions of federal law, involve motions to transfer venue, or are distinguishable on other grounds. *See, e.g., Snider v. Lone Star Art Trading Co.,* 672 F.Supp. 977 (E.D.Mich.1987) (denying motion to transfer venue and declining to enforce a forum selection clause in a civil RICO action involving multiple defendants and implicating multiple questions of federal law); *Pegasus Transp., Inc. v. Lynden Air Freight, Inc.,* 152 F.R.D. 574 (N.D.Ill.1993) (declining to enforce a forum selection clause in a tariff schedule because there were questions of federal law); *Farmland Indus., Inc. v. Frazier–Parrott Commodities, Inc.,* 806 F.2d 848, 851 (8th Cir.1987) (declining to enforce a forum selection clause because of allegations that the provision was obtained fraudulently, the predominance of substantial federal question claims that fell outside the scope of the clause, and the strong state policy forbidding such forum selection agreements).

As in *Russell,* this dispute concerns a failure to pay; therefore ICSOP's claims as to the TIG policies fall directly within the scope of the service of suit clause. Furthermore, as compared to *Russell,* there is even more reason in this case as to why the service of suit clause should control. The Eleventh Circuit's remand order impacted numerous joined defendants based on the existence of one operable service of suit clause in one of the contracts with one of the defendants. *See* 264 F.3d at 1042. This case centers on numerous contracts with a single defendant and involves multiple service of suit clauses.

Given the presumption against exercise of the limited federal jurisdiction in these circumstances, all uncertainties as to removal jurisdictions are to be resolved in favor of remand. *In re MTBE Prods. Liab. Litig.,* 488 F.3d 112, 124 (2d Cir. 2007) (*citing Syngenta,* 537 U.S. at 32, 123 S.Ct. 366). The Court determines that TIG waived its removal right by executing the service of suit clauses at issue, and therefore remands this case to the State Court.

### III. *ORDER*

Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to remand this case to New York State Supreme Court, New York County.

The Clerk of Court is directed to terminate all pending motions and to close this case.

**SO ORDERED.**