16-933-cv
*Chapman v. Crane Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand seventeen.

PRESENT: PETER W. HALL,
DENNY CHIN,
*Circuit Judges,*
LaSHANN DeARCY HALL,
*District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALTON CHAPMAN, FRANCIS CHAPMAN,
*Plaintiffs-Appellees,*

16-933-cv

v.

CRANE CO., Individually and as Successor to Pacific Valves,
*Defendant-Appellant,*

CBS CORPORATION, successor by merger to CBS Corporation, FKA Viacom Inc., FKA Westinghouse Electric Corporation, Elliott Company, Foster

---

\* Judge LaShann DeArcy Hall, of the United States District Court for the Eastern District of New York, sitting by designation.

Wheeler, L.L.C., Jenkins Valces, Inc., Weinman Pump
& Supply Co., Riley Power Inc.,

*Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:     MICHAEL J. ROSS (Nicholas P. Vari, *on the brief*), K&L Gates LLP, Pittsburgh, Pennsylvania; Angela DiGiglio, K&L Gates LLP, New York, New York.

FOR PLAINTIFFS-APPELLEES:     PIERRE RATZKI, Weitz & Luxenberg, P.C., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision and order of the district court is **AFFIRMED**.

Defendant-appellant Crane Co. ("Crane") appeals the decision and order of the United States District Court for the Southern District of New York remanding the action to New York state court following removal pursuant to the "federal officer removal statute," 28 U.S.C. § 1442(a)(1). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's legal ruling on a motion to remand *de novo*. *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 75 (2d Cir. 2009). We review a district court's

decision declining to exercise supplemental jurisdiction for abuse of discretion. *Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010) (per curiam).

Crane makes two principal arguments. First, Crane argues that the district court erred in remanding the case because there was original subject matter jurisdiction at the time. Second, Crane argues that, even assuming the court lacked original jurisdiction, the district court abused its discretion in declining to exercise supplemental jurisdiction. We discuss each argument in turn.

## A. Original Jurisdiction

The district court concluded that plaintiffs-appellees Alton and Francis Chapman (the "Chapmans") had abandoned "any and all claims arising from asbestos exposure which are alleged to have occurred at any government facility, effectively excis[ing] any claim on which a government-contractor defense could be premised and thereby extinguish[ing] the basis on which this action was originally removed." Special App. at 26. Crane argues that an abandonment or disclaimer of claims does not constitute a "dismissal" of claims over which the district court has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (providing that district courts may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction). In other words, Crane argues that the claims giving rise to original jurisdiction must be formally dismissed for a properly removed case to be remanded to state court. The case law is to the contrary. *See Valencia v. Lee*, 316 F.3d 299, 306 (2d Cir.

3

2003) (concluding district court abused discretion in retaining supplemental jurisdiction where plaintiffs had abandoned all federal claims; it was a relatively early stage of the case; "[n]o substantive motions had been filed; no judicial opinions had been issued; and the case was not yet ready for trial"); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988) ("A federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain."). It was clear here that the federal claims had been abandoned, and the district court explicitly recognized the claims were no longer in the case. Hence, federal question jurisdiction no longer existed.

Alternatively, Crane asserts that the district court should have retained jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. This avenue is also unavailing. "[W]hen diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court." 14B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3723 (4th ed. 2013); *see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (noting that the "usual rule is that removability is determined from the record as of the time the petition for removal is filed but where [the] basis of removal is diversity[,] then diversity of citizenship must exist at [the] time [the] action was filed in

4

state court as well as at [the] time of removal" (citing 14B Wright & Miller § 3723 at 311-12)). Hence, to sustain removal based on diversity, Crane had to demonstrate that diversity of citizenship existed both at the time of the filing of the Chapmans' original complaint and at the time of removal.

Crane failed to meet its burden here. At the hearing on the Chapmans' motion for remand, the district court asked the Chapmans' counsel whether there was complete diversity at the time the complaint was filed. Counsel responded that he "believ[ed] that Foster Wheeler was a New York defendant and defeated complete diversity." Special App. at 18. Later on, the court inquired of Crane's counsel whether there was any dispute "that at the time the complaint was filed that there was not complete diversity." *Id.* at 21. Counsel responded, "No dispute." *Id.*

Crane contends on appeal that because it is now the sole remaining defendant in this action, complete diversity exists. Whether non-diverse parties were subsequently dismissed is of no moment, however, when diversity did not exist at the time of the original complaint. *See CenterMark*, 30 F.3d at 301. Because Crane failed to demonstrate that the parties were diverse when the original complaint was filed, diversity of citizenship cannot serve as a basis for jurisdiction. To the extent that Crane contends that the parties were in fact diverse as of the filing of the original complaint, it has failed to establish as much by competent proof.

5

B.      **Supplemental Jurisdiction**

Under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction" over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(c) further provides that a district court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Accordingly, a district court may refuse to exercise supplemental jurisdiction on any one of these four grounds. *Cf. Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998) ("[T]he discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c).").

The district court declined to exercise supplemental jurisdiction because the Chapmans had abandoned their claims giving rise to original jurisdiction; it was still an early stage of the proceedings and discovery was not complete; no dispositive motions had been decided; and interests of comity militated in favor of remand because the case was predominately a matter of state law, potentially implicating unsettled

6

questions of state law. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006) ("We have repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims.").  The district court did not abuse its discretion in refusing to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

. . .

We have considered Crane's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk