**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2343**

ABBINGTON SPE, LLC,

Plaintiff - Appellant,

v.

U. S. BANK, NATIONAL ASSOCIATION, As Trustee, As Successor-In-Interest to Bank of America, N.A., As Trustee, As Successor-In-Interest to Wells Fargo Bank, N.A., As Trustee for the Registered Holders Of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through; C-III ASSET MANAGEMENT LLC,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:16-cv-00249-D)

Submitted: October 5, 2017                    Decided: October 12, 2017

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jennifer N. Fountain, ISAACSON ISAACSON SHERIDAN FOUNTAIN & LEFTWICH, LLP, Greensboro, North Carolina, for Appellant. Kiah T. Ford, IV, Matthew P. Weiner, PARKER POE ADAMS & BERNSTEIN, LLP, Charlotte, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abbington, SPE, LLC, initially filed a complaint in state court against the Appellees, U.S. Bank National Association and C-III Asset Management, LLC, asserting breach of contract and related claims. The Appellees removed the action to federal court based on diversity jurisdiction. Abbington moved to remand the action to state court based on the forum-selection clause in the contract. The district court denied Abbington's motion and granted the Appellees' motion to dismiss the complaint. Because the district court dismissed the complaint without prejudice, we ordered the parties to address the issue of the appealability of the order. For the reasons that follow, we affirm.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "An order dismissing a complaint without prejudice is not an appealable final order under § 1291 if the plaintiff could save his action by merely amending his complaint." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) (internal quotation marks omitted). By contrast, "if the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case, the order dismissing the complaint is final in fact and therefore appealable." *Id.* (internal quotation marks omitted). We have reviewed the parties' supplemental submissions regarding the appealability of the district court's order and the relevant legal authorities, and agree that no amendment could cure the

3

pleading defects. Therefore, we possess jurisdiction over Abbington's appeal of the district court's order.

On appeal, Abbington challenges the district court's conclusion that the Appellees did not waive their right to remove the action to federal court in the forum-selection clause of the contract. We review a district court's denial of a motion to remand to state court de novo. *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). "A defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753 (4th Cir. 1996) (citing 28 U.S.C. § 1441 (2012)). "Removal jurisdiction is not a favored construction; we construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *Id.* (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

A defendant, however, may waive the right to remove an action to federal court in a valid forum-selection clause. *See Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216-18 (3d Cir. 1991); *see also Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) ("To the extent that a forum-selection clause binds diverse parties by its express terms to a specific jurisdiction that is not federal, it waives a statutory right to remove."). The district court concluded that the Appellees had not so waived their rights in the forum-selection clause in the contract. We conclude that this determination was not in error.

4

Finally, Abbington challenges the district court's dismissal of each of its individual claims. We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We have thoroughly reviewed the record and conclude that the district court correctly determined that Abbington failed to state any claims on which relief could be granted in the complaint.

Accordingly, we affirm the district court's order. We also deny the Appellees' motion to strike Abbington's supplemental reply brief as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*