**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

CITY OF ALBANY, an Oregon municipal corporation,
*Plaintiff-Appellee*,

v.

CH2M HILL, INC., a Florida corporation,
*Defendant-Appellant.*

</td>
<td>

No. 18-35283

D.C. No.
6:18-cv-00073-AA

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted May 13, 2019
Portland, Oregon

Filed May 29, 2019

Before:  N. Randy Smith, Paul J. Watford,
and Ryan D. Nelson, Circuit Judges.

Opinion by Judge Watford

# SUMMARY[*]

## Contracts/Remand Orders

The panel affirmed the district court's order granting the City of Albany's motion to remand this case to state court based on a venue-selection clause in its contract with CH2M Hill, Inc., an engineering firm incorporated in Florida.

The City of Albany brought an action for breach of contract against CH2M Hill Inc., in the Circuit Court for Linn County, Oregon. CH2M removed the case to federal court based on diversity of citizenship. The City moved to remand the case to state court, based on the venue-selection clause in the contract, which provided that the venue for litigation would be in Linn County, Oregon.

The panel first noted that, while an order remanding a case to state court ordinarily is not reviewable, it was permitting review based on the parties' venue-selection agreement. The panel held that an agreement limiting venue for litigation to a particular county unambiguously prohibits litigation in federal court when there is no federal courthouse located in the designated county. The panel therefore concluded that the venue-selection clause at issue here precluded litigation in federal court because no federal courthouse was located in Linn County. Accordingly, the only way to effectuate the parties' agreement was to limit venue for litigation to the state court in Linn County.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Thomas W. Sondag (argued), Peter D. Hawkes, and Charles F. Hudson, Lane Powell PC, Portland, Oregon, for Defendant-Appellant.

Paul S. Bierly (argued), Anit K. Jindal, and Kerry J. Shepherd, Markowitz Herbold PC, Portland, Oregon, for Plaintiff-Appellee.

**OPINION**

WATFORD, Circuit Judge:

The City of Albany brought this action in the Circuit Court for Linn County, Oregon, alleging that CH2M Hill, Inc., an engineering firm incorporated in Florida, breached its contract to provide engineering services to the City. CH2M removed the case to federal court based on diversity of citizenship. The City moved to remand the case back to state court based on the venue-selection clause in the parties' contracts. The district court granted the City's motion, and CH2M has appealed. While an order remanding a case to state court ordinarily is not reviewable, *see* 28 U.S.C. § 1447(d), we permit review when remand was based on a venue-selection agreement. *See Kamm v. ITEX Corp.*, 568 F.3d 752, 754–55 (9th Cir. 2009). Because we conclude that the parties' venue-selection agreement unambiguously precludes litigation of this case in federal court, we affirm the district court's remand order.

The contracts at issue contain identical venue-selection clauses that provide: "Venue for litigation shall be in Linn County, Oregon." Notwithstanding this provision, CH2M

removed the case under 28 U.S.C. § 1441 to the United States District Court for the District of Oregon. Linn County lies within the district court's Eugene Division, but there is no federal courthouse located in Linn County. The federal courthouse is located in the City of Eugene, which is in Lane County. Despite the absence of a federal courthouse in Linn County, CH2M contends that the venue-selection clause is ambiguous as to whether removal to federal court is permitted. CH2M argues that a federal court may reasonably be deemed to be "in" a county merely by virtue of its judicial authority over cases that arise in that county.

We have not previously decided whether removal to federal court is permitted when a venue-selection clause provides that litigation shall occur "in" a county in which no federal courthouse is located. Contrary to the City's contention, we did not resolve that issue in *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989). In that case, we considered a venue-selection clause selecting Gloucester County, Virginia, as the sole venue for any action under the contract, and it happened to be the case that no federal courthouse was located in Gloucester County. We ultimately held that the clause "clearly designates the state court in Gloucester County, Virginia, as the exclusive forum." *Id.* at 764. But the question in *Docksider* was whether the venue-selection clause at issue was mandatory or permissive. Our decision did not mention the fact that there was no federal courthouse in Gloucester County, much less consider whether a federal court located outside of Gloucester County, but encompassing that county within its jurisdiction, might be an appropriate forum.

More instructive is our decision in *Simonoff v. Expedia, Inc.*, 643 F.3d 1202 (9th Cir. 2011). There, we considered a forum-selection clause limiting venue to the "courts in King

County, Washington." *Id.* at 1205. The parties disputed whether that clause limited venue to the state court in King County, or whether it also permitted venue in the federal district court located in King County. We noted that the word "in" imposes a geographic limitation, and that "when a federal court sits in a particular county, the district court is undoubtedly 'in' that county." *Id.* at 1206. We therefore held that "a forum selection clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal courts located in that county." *Id.* at 1207; *accord Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008); *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004).

We had no occasion in *Simonoff* to decide the question presented here, since a federal courthouse was in fact located in the county designated by the parties. Given our emphasis in *Simonoff* on the location where a federal court sits, however, we think the answer to the question before us is straightforward: An agreement limiting venue for litigation to a particular county unambiguously prohibits litigation in federal court when there is no federal courthouse located in the designated county. The clear import of the venue-selection clause at issue in this case was to ensure that any litigation arising out of the contracts would take place within the geographic boundaries of Linn County. If the case proceeded in federal court, litigation would instead occur in Lane County. Thus, permitting CH2M to remove the case to federal court would violate the plain terms of the parties' agreement.

Our holding is in accord with decisions of the Second and Fourth Circuits. Faced with similar venue-selection clauses and the absence of a federal courthouse in the county

designated by the parties, those circuits also held that litigation in federal court was unambiguously barred. *Bartels v. Saber Healthcare Group, LLC*, 880 F.3d 668, 674 (4th Cir. 2018); *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009). In *Yakin*, the Second Circuit so held even though there *was* a federal courthouse in the designated county at the time of the parties' agreement; by the time the plaintiff brought suit, though, the courthouse had closed. *See Yakin*, 566 F.3d at 74. The Second Circuit's holding illustrates that the effect of a venue-selection clause providing for litigation "in" a particular county is to ensure that litigation occurs within the geographic boundaries of that county—nothing more, nothing less.

In short, the venue-selection clause at issue here precludes litigation in federal court because no federal courthouse is located in Linn County. Accordingly, the only way to effectuate the parties' agreement is to limit venue for litigation to the state court in Linn County.

**AFFIRMED.**