**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TODD MEYER, in his capacity as Sellers' Agent for former stockholders of Celtic Leasing Corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>FIFTH THIRD BANK; DOES, 1 through 50, inclusive,<br><br>Defendants-Appellees. | No.   19-56506<br><br>D.C. No.<br>8:19-cv-01803-DOC-DFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted January 15, 2021**
Pasadena, California

Before:  FRIEDLAND and BENNETT, Circuit Judges, and BLOCK,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

Plaintiff Todd Meyer appeals from district court orders (1) denying his motion to remand this case to state court, and (2) granting Defendant Fifth Third Bank's ("Fifth Third") motion to compel arbitration and to dismiss. Meyer is acting in his capacity as the representative of former stockholders who sold their shares in Celtic Leasing Corp. pursuant to a stock purchase agreement ("the Agreement"). He filed essentially identical complaints in state court and before an arbitration tribunal alleging a breach of the Agreement by Fifth Third and seeking an order for specific performance of the contract. Fifth Third removed the case from state court to the United States District Court for the Central District of California, Southern Division, invoking the district court's jurisdiction under 28 U.S.C. §§ 1332, 1441. Meyer then moved to remand because, he argues, the Agreement's forum-selection clause grants him an exclusive right to decide the forum. Fifth Third moved to compel arbitration and to dismiss. The district court denied Meyer's motion and granted Fifth Third's, holding that the Agreement did allow Meyer to choose a venue in Orange County, but not to prevent removal to federal court within Orange County, and that Meyer's claims fall within the Agreement's arbitration clause.

We review the district court's interpretation of the forum-selection clause de novo. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). We also review the district court's order compelling arbitration and dismissing the case de

2

novo. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 429 (9th Cir. 2015).[1]

1. The district court correctly determined that the Agreement does not prohibit Fifth Third from removing this case to federal court. The forum-selection clause requires that litigation by Meyer "shall be brought and determined in Orange County, California." "Because the clause uses the preposition 'in,' the contract contemplates federal as well as state courts as proper courts for adjudication." *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011).

Nothing in the Agreement binds Fifth Third to Meyer's choice between federal and state court. The parties agreed to waive objections to personal jurisdiction and improper venue, but the forum-selection clause does not waive Fifth Third's right to remove the case to federal court. *Cf. City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1308 (9th Cir. 2019) (holding a forum-selection clause waives the right to remove "when there is no federal courthouse located in the designated county"). Although the arbitration agreement references Meyer's "right to . . . seek and obtain temporary or preliminary injunctive relief" in court, that provision does not constrain the forum.

2. The Agreement unmistakably delegates to arbitration all disputes "arising out of or relating to th[e] Agreement," except those falling in a carve-out that

---

[1] We have jurisdiction to review a district court's order granting a motion to compel arbitration and dismissing the case as a final order. *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1414 (2019).

3

preserves Meyer's ability to "seek and obtain temporary or preliminary injunctive relief . . . in aid of arbitration" in court. Meyer contends his claims here fall within the carve-out provision.

The district court correctly concluded that they do not. The Complaint seeks "specific performance" and an injunction to enforce the Agreement because of Fifth Third's alleged breach of contract. Such claims are not "in aid of arbitration," as they are not aimed at preserving the status quo until the dispute may be resolved by an arbitrator. *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 980 (9th Cir. 2010) (holding that district courts have the "authority to issue equitable relief in aid of arbitration" by preserving the status quo). As the district court explained, Meyer's Complaint does not seek to preserve the status quo pending arbitration, but rather to remedy Fifth Third's alleged breach of contract. Only the arbitrator can grant that relief. The district court therefore correctly held that it lacked the power to adjudicate Meyer's claims, and appropriately exercised its discretion to dismiss the case. *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) ("[A] district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration.").

Finally, we note that compelling arbitration may not have been necessary because Meyer had already initiated arbitration with essentially identical claims

4

when he filed his Complaint in state court, and Fifth Third had not resisted that arbitration. Because nearly identical claims were already pending in arbitration, dismissing the Complaint without also granting the motion to compel arbitration might have afforded Fifth Third complete relief without referring duplicative claims to the arbitrator. But Meyer has forfeited any argument that the district court should have dismissed without compelling arbitration, *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018), and, in any event, it is unclear what harm could come from compelling arbitration of claims that were effectively already proceeding in arbitration with both parties' consent. We therefore affirm the district court's orders in full.[2]

**AFFIRMED.**

---

[2] Fifth Third's unopposed motion to take judicial notice (Dkt. 24) is granted.