PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FINDWHERE HOLDINGS,
INCORPORATED,

        *Plaintiff-Appellee,*

        v.

SYSTEMS ENVIRONMENT
OPTIMIZATION, LLC; FRANK
WILLIAMS; MATTHEW WILLIAMS,

        *Defendants-Appellants,*

        and

HOMELAND SECURITY NETWORKS,
INCORPORATED; TERRY A. COLLS;
TED DEWINTER,

        *Defendants.*

No. 09-2155

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(1:09-cv-00809-GBL-TRJ)

Argued: October 28, 2010

Decided: November 29, 2010

Before KING, DAVIS, and KEENAN, Circuit Judges.

---

Affirmed by published opinion. Judge Davis wrote the opinion, in which Judge King and Judge Keenan joined.

## COUNSEL

**ARGUED**: Philip J. Harvey, FISKE & HARVEY, PLC, Alexandria, Virginia, for Appellants. Alan Bruce Croft, MCCANDLISH & LILLARD, Leesburg, Virginia, for Appellee. **ON BRIEF:** Adrien C. Pickard, FISKE & HARVEY, PLC, Alexandria, Virginia, for Appellants. Lawrence J. McClafferty, MCCANDLISH & LILLARD, Leesburg, Virginia, for Appellee.

## OPINION

DAVIS, Circuit Judge:

Appellee FindWhere Holdings, Inc. ("FindWhere") filed suit in the Circuit Court for Loudoun County, Virginia, seeking damages for breach of contract against Homeland Security Networks, Inc. ("Homeland Security") and others, including Appellants Systems Environment Optimization, LLC ("SEO, LLC"), Frank Williams and Matthew Williams. FindWhere alleged that SEO, LLC, was potentially liable as a subsidiary of Homeland Security. FindWhere also alleged that the entity defendants never properly formed, thereby exposing the four individual defendants to potential liability for the obligations of the corporate defendants.

Appellants removed the case to the United States District Court for the Eastern District of Virginia. FindWhere filed a timely motion to remand the case to state court based on the contract's forum selection clause. Following a hearing, the district court granted the motion and remanded the case. On appeal, Appellants contend that the district court erred in concluding that the forum selection clause confers jurisdiction over the parties' dispute exclusively to the state courts of Virginia.[1] We reject Appellants' contention and affirm.

---

[1]For clarity and consistency, we use the language of the contract and refer to the Commonwealth of Virginia as a "state."

# I.

## A.

FindWhere sells global positioning systems and provides follow-up tracking services. FindWhere and Homeland Security entered into a contract in May 2008 wherein Homeland Security agreed to act as FindWhere's exclusive reseller in several countries in the Middle East.

FindWhere filed suit in the Circuit Court for Loudoun County, Virginia, in June 2009 for breach of contract. Find-Where alleged that Homeland Security failed to pay for units ordered by SEO, LLC (a Homeland Security subsidiary). SEO, LLC, Frank Williams, and Matthew Williams removed the case to the United States District Court for the Eastern District of Virginia on July 22, 2009, on the basis of diversity of citizenship jurisdiction.[2] FindWhere filed a motion to remand the case to state court based on the contract's forum selection clause, which states:

> This Agreement will be governed by and construed in accordance with the laws of the State of Delaware, USA. Jurisdiction and venue of any dispute or legal action brought by either party arising out of or relating to this Agreement or the commercial relationship of the parties, shall lie exclusively in, or be transferred to, the courts of the State of Virginia, USA. Company [Homeland Securities] hereby submits, consents, and agrees not to contest such jurisdiction and venue . . . .

At the hearing conducted by the district court, the parties and the court focused attention on the phrase "or be trans-

---

[2]The remaining defendants, Homeland Security, Terry Colls, and Ted Dewinter, did not join in or consent to the removal, but FindWhere failed to seek remand to state court on that ground.

ferred to, the courts of the State of Virginia." Appellants argued that the presence of the phrase — "or to be transferred to" — in the forum selection clause must contemplate federal court jurisdiction over contractual disputes because a state court cannot "transfer" a case to another state's courts, whereas federal courts, alone, have authority to transfer venue to a federal court in a different state. *See, e.g.*, 28 U.S.C. § 1404(a). FindWhere, relying on more expansive definitions of the word "transfer," responded that the provision allowing transfer should not be interpreted so narrowly as Appellants suggested. FindWhere contended that "the simple meaning of transferred is to go to or to be taken from one place to another." Mot. Hr'g Tr. 4.

The district court, in granting the motion to remand, stated:

> . . . I'm of the opinion that the clause here is one that is focused on sovereignty. "Exclusively in" refers to, in my view, the court in the State of Virginia. I understand the defense position that "or be transferred to" language that it's not possible to transfer a case from one state to another, and that viewing the clause in its entirely, I still think that it is a clause that selects a sovereignty. And I do not think that the federal court is a federal court of the State of Virginia.

Mot. Hr'g Tr. 15.

### B.

Upon this timely appeal, we have jurisdiction pursuant to 28 U.S.C. § 1291. Although the appeal is from the district court's remand order, the case does not fall within the general prohibition of appellate review for remand orders pursuant to 28 U.S.C. § 1447(d). The general prohibition of section 1447(d) extends only to remand orders based on a lack of subject matter jurisdiction or a timely raised defect in removal

procedure. *See Ellenburg v. Spartan Motors Chassis*, 519 F.3d 192, 194 (4th Cir. 2008) (citing *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995)). Every circuit to have considered the issue has held that a remand order based on a forum selection clause is reviewable on appeal. *See Autoridad de Energia Electrica de Puerto Rico v. Ericsson*, 201 F.3d 15 (1st Cir. 2000); *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 75 (2d Cir. 2009); *Foster v. Chesapeake Ins.*, 933 F.2d 1207 (3d Cir. 1991); *Waters v. Browning-Ferris Industries*, 252 F.3d 796 (5th Cir. 2001); *DaWalt v. Purdue Pharma*, 397 F.3d 392, 399 (6th Cir. 2005); *Cruthis v. Metropolitan Life Ins. Co.*, 356 F.3d 816 (7th Cir. 2004); *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009); *Milk "N" More v. Beavert*, 963 F.2d 1342 (10th Cir. 1992); *Global Satellite Communication v. Starmill*, 378 F.3d 1269 (11th Cir. 2004).

## II.

This court reviews "de novo a district court's decision on an issue of contract interpretation." *Seabulk Offshore v. American Home Assurance*, 377 F.3d 408, 418 (4th Cir. 2004). The parties' agreement provides that it is to be construed under the law of Delaware. It is settled in Delaware that "a court must construe the agreement as a whole, giving effect to all provisions therein." *E.I. du Pont de Nemours & Co., Inc. v. Shell Oil Co.*, 498 A.2d 1108, 1113 (Del. 1985).

In granting the motion to remand, the district court applied the widely-accepted rule that forum selection clauses that use the term "in [a state]" express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term "of [a state]" connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1082 (9th Cir. 2009) (reasoning that the phrase "courts 'of' Virginia refers to courts proceeding from, with their origin in,

Virginia-i.e., the state courts of Virginia. Federal district courts, in contrast, proceed from, and find their origin in, the federal government.")(per curiam); *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) (term "Courts of the State of Colorado" restricts jurisdiction to state courts); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (term "Courts of Texas, U.S.A." restricts jurisdiction to state courts); *LFC Lessors, Inc. v. Pac. Sewer Maint. Corp.*, 739 F.2d 4, 7 (1st Cir. 1984) (term "in the courts of the Commonwealth of Massachusetts" restricts jurisdiction to state courts).

We think the rule is sound and join our sister circuits in adopting it here. The forum selection clause before us is unambiguously expressed in terms of sovereignty and therefore excludes jurisdiction in the federal courts in Virginia. The clause provides that jurisdiction and venue "shall lie exclusively in . . . the courts of the State of Virginia." As federal courts are not courts "of" the state of Virginia, the contract language at issue refers to sovereignty rather than geography and limits jurisdiction over the parties' dispute to state court. *Id.*

Appellants' contention that the insertion of the additional language "or be transferred to" necessarily implies that the parties intended that there be concurrent federal and state court jurisdiction within Virginia is unpersuasive. It is true, of course, that one narrow, strict meaning of a "transfer" of a case describes the result of a federal judge's order transferring venue under 28 U.S.C. § 1404(a), an order not within the power of a judge of a state court. But there is scant reason to adopt so crabbed a meaning of the word "transfer." First, acceptance of this argument would require us to disregard the plain language of an unambiguous clause assigning exclusive jurisdiction over disputes to an identified state court.[3] Second,

---

[3]Adoption of Appellants' contention would require us to interpret the forum selection clause in a manner that assumes one of the contracting

interpreting the phrase "or be transferred to" in its ordinary and usual meaning retains the significance of the entire forum selection clause. *See* Black's Law Dictionary (8th Ed. 2004) (defining "transfer" as "[t]o convey or remove from one place . . . to another"); Merriam-Webster Dictionary, available at http://www.merriam-webster.com/dictionary/transfer (defining "transfer" as "to convey from one person, place, or situation to another: move, shift"). We do so here.

## III.

The district court did not err when it remanded this action to state court based on the forum selection clause before us. Accordingly, the judgment is

*AFFIRMED*.

---

parties might bring suit in a state or federal court *outside of Virginia altogether*, in clear violation of the grant of *exclusive jurisdiction* in Virginia. Such an assumption would further compel us to indulge the possibility of a removal of such an action from a non-Virginia state court to a non-Virginia federal district court, followed by a motion to transfer venue over such an action to a federal district court in Virginia. In light of the plain language of the forum selection clause and the well-settled guidance discussed in the text, we see no reason to engage in such speculative interpretive machinations.