**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1561**

DEVIL'S ADVOCATE, LLC,

Plaintiff - Appellant,

v.

GRYNBERG PETROLEUM COMPANY; JACK J. GRYNBERG,

Defendants - Appellees.

**No. 14-1693**

DEVIL'S ADVOCATE, LLC,

Plaintiff - Appellant,

v.

GRYNBERG PETROLEUM COMPANY; JACK J. GRYNBERG,

Defendants - Appellees.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge. (1:13-cv-01454-CMH-IDD)

Submitted:  November 25, 2014      Decided:  December 19, 2014

Before MOTZ, DUNCAN, and FLOYD, Circuit Judges.

No. 14-1561 vacated and remanded; No. 14-1693 dismissed by unpublished per curiam opinion.

————————

John W. Toothman, DEVIL'S ADVOCATE, LLC, Great Falls, Virginia, for Appellant.  Brian V. Ebert, BRIAN V. EBERT, P.C., Fairfax, Virginia, for Appellees.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devil's Advocate, LLC, appeals the district court's order granting Defendants' motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) and denying as moot its motion for partial summary judgment, docketed as Case No. 14-1561, and the court's denial of its motion for recovery of time, attorney's fees, and expenses, docketed as Case No. 14-1693. We vacate the district court's order in Case No. 14-1561 and remand for further proceedings, and dismiss the appeal in Case No. 14-1693 as premature.

Devil's Advocate contends that the district court erred in granting Defendants' motion to dismiss under Rule 12(b)(3) because the District Court for the Eastern District of Virginia was a both a proper venue under 28 U.S.C. § 1391 (2012) and a permissible venue under the forum selection clause in the contract between the parties. We agree that the district court erred in dismissing the complaint for improper venue under Rule 12(b)(3). "Whether venue is . . . 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of" § 1391(b); a forum selection clause has no effect on the inquiry. Atl. Marine Constr. Co. v. U.S. Dist. Ct., 134 S. Ct. 568, 577 (2013). Thus, "a case filed in a district that falls within § 1391 may not be dismissed under . . . Rule 12(b)(3)." Id. A review of the record reveals

that, under § 1391(b), venue in this case is proper in the Eastern District of Virginia.

Moreover, we conclude that the doctrine of forum non conveniens does not provide a basis for dismissing the complaint. See Atl. Marine Constr., 134 S. Ct. at 580 ("[T]he appropriate way to enforce a forum-selection clause pointing to a state . . . forum is through the doctrine of forum non conveniens."). The forum selection clause at issue permits the filing of a complaint in the Alexandria Division of the Eastern District of Virginia. See FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC, 626 F.3d 752, 755 (4th Cir. 2010) (adopting rule that "forum selection clauses that use the term 'in [a state]' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state"). Thus, we vacate the district court's dismissal order in Case No. 14-1561 and remand for further proceedings.[*]

---

[*] We decline to address Devil's Advocate's contention that the district court erred in denying as moot its motion for partial summary judgment. We instead leave consideration of the propriety of summary judgment to the district court in the first instance on remand. See Kubicko v. Ogden Logistics Servs., 181 F.3d 544, 555 n.9 (4th Cir. 1999) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.") (quoting Singleton v. Wulff, 428 U.S. 106, 120 (1976)).

4

In light of our disposition in No. 14-1561, and in the interest of judicial economy, we decline to address Devil's Advocate's appeal of the district court's order denying attorney's fees and expenses at this juncture. We therefore dismiss Devil's Advocate's appeal in No. 14-1693. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 14-1561 <u>VACATED AND REMANDED</u>
No. 14-1693 <u>DISMISSED</u>